UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN KIVARI,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                      Case No. 1:11-CV-1344

MELVIN ROBERT LAIRD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss.  (Dkt. #9).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter **terminated**.

## BACKGROUND

According to exhibits attached to Plaintiff's complaint, Plaintiff served in the United States Army from May 22, 2970, until May 23, 1972.  (Dkt. #1, Exhibit A).  Plaintiff alleges that "while serving his country [he] was sexually assaulted by other active duty personnel."  (Dkt. #1).  Plaintiff alleges that in an attempt to cover-up this conduct, he was falsely diagnosed as suffering from schizophrenia.[1]  Plaintiff further alleges that no attempt was made to identify or punish his assailants.

---

[1] The Court notes that Plaintiff has been deemed disabled by the Department of Veterans Affairs as a result of "post-traumatic stress disorder with depressive disorder not otherwise specified and alcohol dependence (formerly evaluated as schizophrenia, chronic, undifferentiated type with paranoid features)."  (Dkt. #1, Exhibit A).

Plaintiff initiated the present action on December 20, 2011, against Melvin R. Laird, former United States Secretary of Defense, Eric Shinseki, current Secretary of Veterans Affairs, and other unidentified individuals. Plaintiff advances several causes of action: (1) violation of the right to substantive due process; (2) violation of the right against self-incrimination; (3) violation of the right to be secure in one's person; (4) violation of the right to the equal protection of the laws; (5) being subjected to involuntary servitude; (6) violation of the right to freedom of speech and freedom of religion; (7) violation of separation of powers; (8) violation of the right to be free from cruel and unusual punishment; and (9) violation of the right to life, liberty, and the pursuit of happiness. Defendants Shinseki and Laird now move to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion");

*Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

**I.        Claims Against Defendants Laird and Shinseki**

In his complaint, Plaintiff makes absolutely no factual allegations against Defendant Laird or Defendant Shinseki. In fact, other than identifying Laird and Shinseki as defendants, Plaintiff's complaint contains absolutely no mention of them. To survive a motion to dismiss, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He must likewise articulate facts sufficient to allege a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1949. Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). Accordingly, the undersigned recommends that Defendant Laird and Defendant Shinseki's motion to dismiss for failure to state a claim be **granted**.

**VI.        Plaintiff's Claims Against Unidentified Defendants**

Plaintiff initiated the present action on December 20, 2011, and a summons was issued the same day. In the more than nine months since initiating this action, Plaintiff has made no attempt to identify or effect service on any of the unidentified individuals against whom he seeks to assert the

aforementioned claims. Moreover, Plaintiff has not requested the Court's assistance in identifying or effecting service on these individuals.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, the undersigned recommends that Plaintiff's claims against all unidentified defendants be **dismissed without prejudice** for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (dkt. #9), be **granted**. The undersigned further recommends that Plaintiff's claims against all unidentified defendants be **dismissed** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 9, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge