UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN KIVARI,

               Plaintiff,                        Case No. 1:11-cv-1344

v.                                          HON. JANET T. NEFF

MELVIN ROBERT LAIRD, et al.,

               Defendants.

_____/

**OPINION AND ORDER**

Plaintiff Steven Kivari initiated this *pro se* action against Defendants Melvin Robert Laird, Eric Ken Shinseki, and other unidentified "Does" on December 20, 2011 (Dkt 1).  The complaint alleged numerous constitutional violations arising from alleged sexual assaults against Plaintiff that took place while he was in the military from 1970 to 1972 (*id.*).  Plaintiff further alleged that the military responded to this by diagnosing him with psychiatric problems and issuing him a Separation Program Number (SPN) that precluded him from finding adequate employment after his discharge (Dkts 1, 20).  The matter was referred to the Magistrate Judge.

On May 1, 2012, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief may be granted (Dkt 9).[1]  On October 9, 2012, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted, and further that

---

[1] While the Motion to Dismiss primarily addresses the claims against the named Defendants Laird and Shinseki, the motion also states that "*Bivens* and its progeny clearly require the dismissal of this case against Defendants Laird, Shinseki, *and any other unnamed federal defendants* . . ." (Dkt 9 at 11) (emphasis added).  Furthermore, counsel for Defendants Laird and Shinseki also represents the unnamed Does in this action.

"Plaintiff's claims against all unidentified defendants be dismissed and this matter terminated," (Dkt 32). This matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Dkt 33). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

Plaintiff raises three basic objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff claims that his complaint was not conclusory, and "only those [conclusions] which are not supported by facts may be deemed [conclusory]" (Dkt 33 at 3). Plaintiff points to his numerous exhibits to demonstrate that there are facts to support his conclusions. However, none of the exhibits that Plaintiff points to are specific to his particular allegations, but rather deal generally with rape and psychological diagnosis in the military. Further, the one exhibit that specifically names Defendant Laird indicates only that Defendant Laird received a memo about the use of SPN codes, but does not cure Plaintiff's failure to plead any particular legal allegations against Defendants Laird and Shinsek (*see* Dkt 1, Ex. D). Lacking specific factual allegations against the named Defendants, the pleading is conclusory and subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (factual content must permit a reasonable inference that the defendant is liable for the misconduct alleged).

Second, Plaintiff asserts that the theory of *respondeat superior* should apply to this case (Dkt 33 at 5-6). Despite Plaintiff's protests,[2] "Government officials may not be held liable for the

_____

[2]To the extent that Plaintiff disagrees with the holding in *Iqbal* (Dkt 33 at 1), this Court is bound by Supreme Court precedent. *See Smith v. Lawrence Cnty. Sheriff's Dep't,* 84 F. App'x 562, 564 (6th Cir. 2003). Further, Plaintiff provides no compelling reason to depart from the Supreme

unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Iqbal*, 556
U.S. at 676.  Thus, Plaintiff's failure to plead any particular allegations against Defendants Laird
and Shinseki is fatal to his case against them.  To be liable under a *Bivens*[3] action, there must be
particular constitutional violations, *respondeat superior* alone is insufficient. *Id.*

Third, Plaintiff objects to the Magistrate Judge's conclusion that he was not diligent in
seeking the identities of the unnamed parties (Dkt 33 at 7).  Plaintiff does not dispute that the time
for serving the unnamed Plaintiffs has expired.  However, Plaintiff notes that he submitted a
Freedom of Information Act (FOIA) request, and that the regional office did not respond to the
request (*id.*).  Presumably, Plaintiff is claiming he has good cause for his failure to serve.

Plaintiff bears the burden of establishing good cause.  *Habib v. Gen. Motors Corp.*, 15 F.3d
72, 73 (6th Cir. 1994); *see also Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir.
2006).  "The determination of good cause is left to the sound discretion of the district court."  *Habib*,
15 F.3d at 72 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).

The Court is not persuaded that Plaintiff has good cause for failing to identify and serve the
unnamed Defendants.  Plaintiff has not demonstrated that he has made any effort to identify the
unknown parties since submitting the FOIA request.  While Plaintiff filed a motion seeking the
Court's assistance in serving the unnamed parties, that motion was denied because Plaintiff provided
no information that could reasonably be used to locate the parties and because Plaintiff is not
proceeding *in forma pauperis*.  Plaintiff has had forty years since leaving the military to identify
these parties, and at least eight months notice regarding their potential dismissal (Dkt 9 at 11,

---

Court's holding in *Iqbal*.

[3]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

3

stating: "*Bivens* and its progeny clearly require the dismissal of this case against Defendants Laird, Shinseki, *and any other unnamed federal defendants . . .*" (emphasis added)). Even if Plaintiff had shown good cause, he is only entitled to an extension "for an appropriate period" of time. FED. R. CIV. P. 4(m). Plaintiff is not entitled to delay service indefinitely. Plaintiff's objection is denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 33) are DENIED and the Report and Recommendation (Dkt 32) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss (Dkt 9) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all unidentified defendants are dismissed and this matter is terminated.

Dated: January 31, 2013                    /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge

4